

FILED
2005 Mar-21 PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA LEWIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CV 03-B-1349-S |
| | ) |
| **HOME DEPOT U.S.A., INC.,** | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Partial Summary Judgment. (Doc. 14.)[1] Plaintiff Patricia Lewis has sued her former employer, defendant Home Depot U.S.A., Inc., alleging that defendant discriminated against her on the basis of her race, African-American, and that it retaliated against her for engaging in protected activity. Defendant has moved to dismiss plaintiff's claims for monetary damages on the ground that such claims are judicially estopped "because of Plaintiff's failure to disclose her EEOC charge and this lawsuit in her Chapter 13 bankruptcy." (Doc. 14 at 1.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion for Partial Summary Judgment, (doc. 14), is due to be denied.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in her favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every ***reasonable*** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS

On October 2, 1998 plaintiff filed a Chapter 13 Voluntary Petition in the United States Bankruptcy Court for the Northern District of Alabama. (Doc. 14, Ex. A, doc. 1.) Her plan was confirmed on November 24, 1998. (*Id*., doc. 8.) The plan provided for payment of 100% of all creditors' claims from plaintiff's future earnings. (*Id*.)

According to plaintiff's Complaint, and not disputed by defendant in its Motion for Partial Summary Judgment, defendant's alleged discrimination and retaliation of plaintiff began on or about May 13, 2002. (*See* doc. 1 ¶¶ 8-9.) Plaintiff filed an EEOC charge on July 5, 2002, alleging defendant had discriminated against her on the basis of her race and in retaliation for engaging in protected activity. (Doc. 14, Ex. B.) Thereafter, on June 6, 2003, plaintiff filed the instant action. Plaintiff did not amend her Chapter 13 petition to include as an asset her claims against defendant at any time after the claims arose on or about May 13, 2002. (*See generally* Doc. 16, Ex. 2.)

On October 15, 2003, plaintiff was ordered discharged from bankruptcy after she "fulfilled all requirements under the plan." (Doc. 14, Ex. A, doc. 32.)

## III. DISCUSSION

Defendant contends that plaintiff's failure to amend her bankruptcy petition to include her post-confirmation claims against it judicially estops her from seeking monetary damages

3

in this action.  (Doc. 14 (citing *Burnes v. Pemco Aeroplex*, 291 F.3d 1282, 1285 (11th Cir. 2002).)[2]  The court disagrees.

The Eleventh Circuit in *Burnes* held:

> Judicial estoppel is an equitable doctrine invoked at a court's discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)(internal citations and quotations omitted).  Under this doctrine, a party is precluded from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.  Judicial estoppel is an equitable concept intended to prevent the perversion of the judicial process." 18 James Wm. Moore et al., Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000).  The purpose of the doctrine, "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-50 (internal citations and quotations omitted).  This Circuit has explained that, "[j]udicial estoppel is applied to the calculated assertion of divergent sworn positions.  The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983)(internal citation omitted); *see also*, [In re] *Coastal Plains*, 179 F.3d [197,] 205 [(5th Cir. 1999)(explaining that, "[t]he purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.")(internal quotations omitted).  In the Eleventh Circuit, courts consider two factors in the application of judicial estoppel to a particular case. *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir. 2001).  "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id.*

*Burnes*, 291 F.3d at 1285.  The *Burnes* court held that a plaintiff's failure to list a pre-petition cause of action in the bankruptcy schedules was inconsistent with his pursuit of such

---

[2]The court notes that another panel of the Eleventh Circuit has questioned whether the *Burnes* court "correctly applied" the doctrine of judicial estoppel. *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

claim, at least to the extent he sought money damages, and the doctrine of judicial estoppel barred plaintiff from pursuing such claim for monetary damages.

Under the circumstances in this case, however, plaintiff's failure to disclose her post-confirmation claims against defendant is not an "inconsistent position" because the post-confirmation claims are not an "asset" of the estate to which her pre-petition creditors were entitled. In a similar action, faced with the issue of judicial estoppel of a state-court tort claim that arose post-confirmation, the Bankruptcy Court for the Southern Division of Georgia, relying on the *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000), held:

> Judicial estoppel precludes a party from asserting inconsistent positions in different judicial proceedings. *Reagan v. Lynch*, 241 Ga. App. 642, 524 S.E.2d 510 (1999). ***The doctrine of judicial estoppel does not apply in this case because the debtors have not asserted a position in one judicial proceeding which is inconsistent with a position asserted in an earlier judicial proceeding. At the time the debtor's case and schedules were filed no tort claim existed. At the time the tort claim arose, the debtors' plan was already confirmed and all property that was not necessary for the maintenance of the plan became property of the debtors and no longer property of the bankruptcy estate***. 11 U.S.C. § 1327(b) (1997); *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1341 (11th Cir. 2000). Bankruptcy Code § 1327(b) states in pertinent part: "except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b) (1997)(emphasis added). In *Telfair*, the court adopted the "estate transformation" approach as the law of the Eleventh Circuit, whereby Bankruptcy Code § 1306(a)(2) and 1327(b) are read to mean that "the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." 216 F.3d at 1341.

*In re Carter*, 258 B.R. 526, 257 (S.D. Bankr. 2001)(emphasis added). The *Carter* court held that, because the tort claim arose after confirmation of the Chapter 13 plan, and the tort claim

"was not necessary for the plan . . ., the claim was not property of the bankruptcy estate." *Id*. The court held, "Judicial estoppel is inapplicable because the post plan confirmation tort claim was simply not involved in the bankruptcy case. The debtors had no reason much less obligation to disclose it. The tort claim belongs to the debtors and not the bankruptcy estate." *Id*. at 528.

The instant action requires a similar analysis. Defendant contends that plaintiff's claims for money damages based on her discrimination and retaliation claims are due to be dismissed as such claims are barred by the doctrine of judicial estoppel because plaintiff did not include these claims on her schedule of assets during her bankruptcy proceeding. However, plaintiff's discrimination and retaliation claims did not exist at the time she filed her bankruptcy petition, and her claims arose only after confirmation of her plan, which required payment of all claims from her future income. Pursuant to the binding precedent of this Circuit, "only that property necessary for the execution of the plan [remains] property of the estate after confirmation." *Telfair*, 216 F.3d at 1340. Plaintiff's interest in claims arising in her favor after confirmation of the plan "[do] not and [cannot] belong to the bankruptcy estate nor be part of the bankruptcy case," and, therefore, plaintiff "had no reason much less obligation to disclose [those claims]." *Carter*, 258 B.R. at 528. "Judicial estoppel has nothing to do with [plaintiff's discrimination and retaliation] claim[s]." *Id*.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that, although there are no material facts in dispute, defendant is not entitled to judgment as a matter of law as to

plaintiff's claims for monetary damages.  An order denying defendant's Motion for Partial Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 21st day of March, 2005.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE