FILED
2005 May-31  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **PATRICIA LEWIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )        **CV 03-B-1349-S** |
| | ) |
| **HOME DEPOT USA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendant's Motion for Summary

Judgment.  (Doc. 21.)  On March 21, 2005, the court ordered plaintiff Patricia Lewis to file

any opposition to defendant's Motion for Summary Judgment on or before April 11, 2005.

Plaintiff did not file an opposition to defendant's motion.

The Eleventh Circuit has held:

> Where "the adverse party does not respond, summary judgment, *if
> appropriate*, shall be entered against the adverse party."  Fed. R. Civ. P. 56(e)
> (emphasis added).  Thus, summary judgment, even when unopposed, can only
> be entered when "appropriate."

> Summary judgment is appropriate where the "pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits,
> if any, show that there is *no genuine issue as to any material fact* and that the
> moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)
> (emphasis added).  Thus, the district court cannot base the entry of summary
> judgment on the mere fact that the motion was unopposed, but, rather, must
> consider the merits of the motion.  *See Dunlap v. Transamerica Occidental
> Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)(per curiam).  The district
> court need not sua sponte review all of the evidentiary materials on file at the
> time the motion is granted, but must ensure that the motion itself is supported
> by evidentiary materials.  *See id.*  At the least, the district court must review

all of the evidentiary materials submitted in support of the motion for summary judgment.  *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)(per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.").  In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed."  *Dunlap*, 858 F.2d at 632.

*United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-1102 (11th Cir. 2004).

Plaintiff's Complaint alleges she was disciplined and terminated in retaliation for engaging in protected activity.  She also alleges that she was denied a position remarking prices because of her race.  For the reasons set forth below, the court finds that defendant's Motion for Summary Judgment is due to be granted and plaintiff's claims are due to be dismissed with prejudice.

## A.  REPRICING JOB

In her deposition, plaintiff testified that her store manager had promised her a position "working eight to five, just putting in labels and cleaning out old prices that [were not] the correct price[s]."  (Doc. 21, Ex. A at 347-48.)  According to plaintiff's testimony, she performed these job duties in addition to her cashier responsibilities "two to three days during a week." (*Id.* at 352.)  After plaintiff stopped checking prices, no one replaced her. (*Id.* at 353.)

To establish a prima facie case of race discrimination with regard to selection decisions, plaintiff must prove:  (1) she is a member of a protected class; (2) she was

qualified and applied for an available position, (3) she was rejected despite her qualifications; and (4) the available position was filled by an employee who is not a member of the protected class. *Walker v. Mortham*, 158 F.3d 1177, 1186, 1191-93 (11th Cir. 1998)(citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 186-88 (1989); *Crawford v. Western Electric Co.*, 614 F.2d 1300, 1315 (5th Cir. 1980)).  Plaintiff's deposition testimony is insufficient to establish that a position as "price remarker" was an available position and that defendant selected someone outside the protected class for the position.

Therefore, the court finds no disputed issues of material fact and defendant is entitled to summary judgment as to plaintiff's race discrimination claim based on the "price remarking" job.

## B.  DISCIPLINE

Plaintiff alleges that she was wrongfully reprimanded after she gave a statement to the EEOC.  (Doc. 1 ¶ 12.)  On February 21, 2002, Dan McGregor, Assistant Store Manager, prepared an Associate Performance Notice, reprimanding plaintiff for "poor job performance."  (Doc. 21, Ex. A at 243 and ex. 8; *id*., Ex. B, ex. 8.)  The written reprimand was based on two customer complaints.  (*Id.*, Ex. A, ex. 8.)  Plaintiff told defendant that she was not at work on one of the days McGregor alleged she had been disrespectful to a customer.  (*Id.*, Ex. A at 245-47.)  Plaintiff complained about the reprimand to a "hotline" established for employee concerns.  (*Id.* at 248-49.)  Following investigation of her hotline complaint, the reprimand was voided, (*id*. at 250); however, plaintiff insisted that it remain in her file, (*id*. at 251).

Defendant contends that plaintiff cannot show that she suffered   an adverse

employment action as a result of the reprimand because it did not affect the terms and

conditions of her employment.   The court agrees that, under the circumstances, this

reprimand cannot support a claim for retaliation, because, as a matter of law, the reprimand

did not constitute an adverse employment action.  *See Davis v. Town of Lake Park*, 245 F.3d

1232, 1239-1240 (11th Cir. 2001); *see also Pennington v. City of Huntsville*, 261 F.3d 1262,

1267 (11th Cir. 2001).

Therefore, defendant is entitled to judgment as a matter of law as to plaintiff's

retaliatory discipline claim.

## C.  TERMINATION

Defendant contends that plaintiff cannot establish a prima facie case of discrimination

or retaliation with regard to its termination decision.  The court assumes, without deciding,

that plaintiff can establish a prima facie case of discrimination and retaliation "because [the

court] find[s] that [defendant's] legitimate reason[ ] for the decision [is] dispositive."

*Pennington v. City of Huntsville*,  261 F.3d 1262, 1266 (11th Cir. 2001).

Defendant contends, *inter alia*, that plaintiff cannot establish that its articulated reason

for her termination is unworthy of credence and/or that the real reason was retaliation for her

protected activity.  Based on defendant's submission, the court agrees.

Plaintiff may establish that an articulated reason is a pretext for retaliation "either

directly by persuading the court that a discriminatory reason more likely motivated the

employer or indirectly by showing that the employer's proffered explanation is unworthy of

credence." *Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989)(quoting *Goldstein v. Manhattan Industries*, 758 F.2d 1435, 1445 (11th Cir. 1985)(citing *Burdine*, 450 U.S. at 256), *cert. denied* 474 U.S. 1005 (1985)).  If plaintiff chooses to establish pretext by showing that defendant's articulated reason is unworthy of credence, she must attack that reason "head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000).  That is, plaintiff must offer evidence that "casts sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable fact finder to conclude that the employer's proffered 'legitimate reasons were not what actually motivated its conduct.'" *Combs*, 106 F.3d at 1538 (quoting *Cooper-Houston v. Southern Ry. Co.* , 37 F.3d 603, 605 (11th Cir. 1994)); *see also Clay v. Holy Cross Hospital*, 253 F.3d 1000, 1005-06 (7th Cir. 2001)("Pretext means a dishonest explanation, a lie rather than an oddity or an error.  A 'pretext for discrimination' means more than an unusual act; it means something worse than a business error; 'pretext' means deceit used to cover one's tracks.  On the issue of pretext, our only concern is the honesty of the employer's explanation.  Thus, even if [defendant's] reasons for [plaintiff's] termination were mistaken, ill considered or foolish, so long as [defendant] honestly believed those reasons, pretext has not been shown.")(internal citations and quotations omitted.)  The "pretext analysis focuses on a narrow question:  Would the proffered evidence allow a reasonable factfinder to conclude that the articulated reason for the decision was not the real reason?" *Walker v. Prudential Property and Cas. Ins. Co.*, 286 F.3d 1270, 1276 (11th Cir. 2002)(citations omitted).

The record shows that plaintiff was terminated after an investigation determined plaintiff had processed fraudulent returns. (*See* doc.21, Ex. C at 73; Ex. D ¶¶ 4-7.) Plaintiff denied she committed any fraud or other wrongful conduct. (*Id.*, Ex. A, ex. 12; *id.*, Ex. D ¶ 7.) However, the "crucial question" is not whether plaintiff processed a fraudulent return; rather, the "crucial question" is whether the decisionmakers "honestly believed" plaintiff had processed a fraudulent return. *Cooper v. Southern Co.*, 390 F.3d 695, 729 (11th Cir. 2004)(citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991)).

As the Middle District of Alabama has explained –

> The Eleventh Circuit has articulated two avenues by which an employee can prove pretext when terminated for violation of a work rule: (1) that the employee did not violate the work rule, or (2) that the employee did violate the work rule, but others who violated the rule were afforded more favorable treatment. *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354 (11th Cir. 1999). As the Damon court explained, however, an employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct. *Id*. at 1363 n.3.

> This court has previously had occasion to examine the distinction between the two prongs of the pretext inquiry in a work rule violation case. *See Strickland v. Prime Care of Dothan*, 108 F. Supp. 2d 1329, 1334 (M.D. Ala. 2000); *see also Sweeney v. Alabama Alcoholic Beverage Control Bd.*, 117 F. Supp. 2d 1266 (M.D. Ala. 2000)(De Ment, J.). In *Strickland*, this court reasoned that the general rule is that a plaintiff must do more than point to contradictory evidence that shows an employer may have been mistaken in its belief that the plaintiff committed the alleged infractions. *See Strickland*, 108 F. Supp. 2d at 1333; *see also Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). Therefore, where a decision maker relies on another's report that the plaintiff committed the work rule violation in question and fires him on that basis, the plaintiff is unable to demonstrate pretext merely by showing that the report is false. *See Elrod*, 939 F.2d at 1469 (holding that such facts do not establish pretext); *see also Hawkins v. Ceco Corp.*, 883 F.2d 977, 980 n.2 (11th Cir. 1989)(same). Instead, the plaintiff must establish pretext by pointing to evidence that suggests that the employer either did not rely on that

6

report or that the employer did rely on the report but knew it was false. *Strickland*, 108 F. Supp. 2d at 1333.  It is only where the decision maker relies on its own personal knowledge of the work rule violation that the first prong applies and mere evidence disputing the violation will be sufficient to establish pretext.  *See id*.  Relying on similar reasoning, the court in *Sweeney* determined that a plaintiff who disputed that she violated the work rule did not establish pretext where the decision maker relied on the report of a supervisor in determining that the plaintiff violated a work rule.  *Sweeney*, 117 F. Supp. 2d at 1273.

*Smith v. International Paper Co.*, 160 F. Supp. 2d 1335, 1346 (M.D. Ala. 2001).

The evidence submitted by defendant demonstrates that the alleged fraudulent returns were investigated by defendant, and the result of its investigation showed that plaintiff had processed fraudulent returns.  (Doc. 21, Ex. D ¶¶ 4-6.)  Plaintiff has submitted no evidence showing that defendant did not rely on the results of the investigation in deciding to terminate plaintiff, or that defendant relied on the results of the investigation knowing the results to be false.  *See Cooper*, 390 F.3d at 729; *Smith*, 160 F. Supp. 2d 1346.  Therefore, the court finds no disputed issue of material fact regarding whether defendant terminated plaintiff because it believed, based on its investigation, that plaintiff had processed fraudulent returns.

Defendant is entitled to judgment as a matter of law as to plaintiff's retaliatory termination claim.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law.  An Order granting defendant's Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 31st day of May, 2005.

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE